

Common Pleas Court of Cuyahoga County, Ohio

## DESIGNATION FORM TO BE USED TO INDICATE THE CLASSIFICATION OF THE CAUSE

**FILED** 2022 OCT -5 P 2: 38 CLERK OF COURTS CUYAHOGA COUNTY

Plaintiff: Willis Tabron

Vs.

Defendant: Ralph Valenti

Judge: MAUREEN CLANCY

CV 22 969653

Has this case been previously filed and dismissed? Yes ☐ No ☒
Case #: _____ Judge: _____

Is this case related to any new cases now pending or previously filed? Yes ☐ No ☒
Case #: _____ Judge: _____

**CIVIL CLASSIFICATIONS:** *Place an (X) in ONE Classification Only.*

**Professional Torts:**
☐ 1311 Medical Malpractice
☐ 1315 Dental Malpractice
☐ 1316 Optometric Malpractice
☐ 1317 Chiropractic Malpractice
☐ 1312 Legal Malpractice
☐ 1313 Other Malpractice

**Product Liability:**
☐ 1330 Product Liability

**Other Torts:**
☐ 1310 Motor Vehicle Accident
☐ 1314 Consumer Action
☐ 1350 Misc. Tort

**Workers Compensation:**
☐ 1550 Workers Compensation
☐ 1531 Workers Comp. Asbestos

**Foreclosures:**
☐ Utilize Separate Foreclosure Designation Form

**Commercial Docket:**
☐ 1386 Commercial Docket
☐ 1387 Commercial Docket with Foreclosure

**Administrative Appeals:**
☐ 1540 Employment Services
☐ 1551 Other

**Other Civil:**
☐ 1500 Replevin/Attachment
☐ 1382 Business Contract
☐ 1384 Real Estate Contract
☐ 1388 Consumer Debt
☐ 1390 Cognovit
☐ 1391 Other Contracts
☐ 1490 Foreign Judgment
☐ 1491 Stalking Civil Protection Order
☒ 1501 Misc. Other
☐ 1502 Petition to Contest Adam Walsh Act
☐ 1503 Certificate of Qualification for Employment

**Amount of Controversy:**
☐ None Stated
☐ Less than $25,000
☐ Prayer Amount _____

**Parties have previously attempted one of the following prior to filing:**
☐ Arbitration
☐ Early Neutral Evaluation
☐ Mediation
☐ None

I certify that to the best of my knowledge the within case is not related to any now pending or previously filed, expect as noted above.

Firm Name (Print or type): Willis Tabron Pro se
Address: 515 Euclid Ave
Cleve, OH 44114
Phone: (216) 571-1817

Attorney of Record (Print or Type): _____
Supreme Court #: _____
Email Address: wtabron@gmail.com
Signature: _____



DEFENDANT'S EXHIBIT A

## IN THE COURT OF COMMON PLEAS
## CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

**FILED**

2022 OCT -5 P 2: 37

CLERK OF COURTS
CUYAHOGA COUNTY

| | |
|---|---|
| WILLIS TABRON, III <br> 515 Euclid Avenue <br> Cleveland, Ohio 44114, <br><br> Plaintiff, <br><br> vs. <br><br> RALPH VALENTINO <br> JOHN DOE <br> C/O Cleveland Police Department <br> 1300 Ontario Street <br> Cleveland, Ohio 44113, <br><br> Individually and in Their Official <br> Capacities as Employees of the <br> City of Cleveland, Ohio, <br><br> and <br><br> CITY OF CLEVELAND, OHIO <br> 601 Lakeside Avenue <br> Cleveland, Ohio 44114, <br><br> and <br><br> ROBERT BOLDIN <br> C/O State of Ohio <br> Ohio Investigative Unit <br> 1970 Broad Street <br> Columbus, Ohio 43223 <br><br> Individually and in his Official <br> Capacities as an Employee of the <br> State of Ohio, <br><br> Defendants. | CASE NO. CV 22 969653 <br><br> JUDGE MAUREEN CLANCY <br><br> **COMPLAINT** <br><br> A DEMAND FOR JURY TRIAL <br> IS ENDORSED HEREIN |

## INTRODUCTION AND PRELIMINARY STATEMENT

1. This civil rights action challenges the unlawful activities committed by Defendants in the search, seizure, detention, arrest and prosecution of the Plaintiff. The actions complained of also involved the malicious prosecution of Plaintiff–Willis Tabron, III by members of the Cleveland Division of Police and the Ohio Investigative Unit. The actions complained of also involve the unlawful closing and boarding of Plaintiff's business, the confiscation of personal property located at the Club Paradis Gentlemen's Club. and the loss of business opportunities in his business known as Paradis Gentlemen's Club, located at 620 Frankfort Avenue, Cleveland, Ohio.

Plaintiff, Willis Tabron, III resides at 515 Euclid Avenue, Cleveland, Ohio and owns and operates the Paradis Gentlemen's Club located at 620 Frankfort Avenue in the City of Cleveland, Ohio. Contrary to allegations made by the Defendants, Plaintiff Willis Tabron, III at all times relevant did not maintain a nuisance, was not engaged in any criminal activity, posed no threat to himself or others and presented no reasonable suspicion nor probable cause to be detained, searched, seized, arrested or prosecuted by either city or state law enforcement officials. In spite of the fact that Plaintiff operated his Paradis Gentlemen's Club in a lawful manner and presented no threat to himself or others, violated no local, state or federal law and presented no reasonable suspicion or probable cause that he was in possession of illegal contraband, Defendants Ralph Valentino ("Valentino") and Robert Boldin ("Bolden") participated in a course of conduct that resulted in Plaintiff and his Paradis Gentlemen's Club business being searched resulting in the confiscation and seizure of items of personal property that were legally in Plaintiff's possession and the subsequent closing of his business. Following the search of Plaintiff's Paradis Gentlemen's Club business by Defendants, Defendants submitted false and defamatory information to the Prosecuting Attorney for Cuyahoga County that formed the basis of a search warrant for the search of the Paradis Gentlemen's

Club and, subsequently, a verified complaint alleging that the Paradis Gentlemen's Club constituted a nuisance as defined in R.C. § 3767.01 ( C ) (1). Defendant's search warrant and nuisance complaint alleged, inter alia, that there had occurred on the premises felonious assaults, large fights, liquor violations, exotic dancing, prostitution, drug violations, after hours consumption and other criminal activities which constituted probable cause for a search and justification for the closing, boarding and padlocking of the Paradis Gentlemen's Club.

Based on the false statements and affidavits of the Defendants, Plaintiff's Paradis Gentlemen's Club business was closed, boarded and padlocked and Plaintiff was arrested, criminally indicted and maliciously prosecuted for the crimes of Permitting Drug Abuse, pursuant to R.C. 2925.13(B), Permitting Drug Abuse pursuant to R.C. 2925.13(B), Possession Firearm in Liquor permit Premises, pursuant to R.C. 2923.121(A) and Unlawful Receipt of Proceeds Subject to Forfeiture, pursuant to R.C. 2927.21 (B).

Following Plaintiff's arrest, indictment, appearances at pre-trial conferences and negotiations with Assistant County Prosecutors representing the State of Ohio, on October 6, 2021, all charges against Plaintiff were dismissed, without prejudice.

As a result of all of the foregoing, Plaintiff brings this civil rights and state law action to secure fair compensation and to help end the violence and mistreatment perpetrated by Cleveland Police Officers and the Ohio Investigative Unit against members of the Cleveland community.

## JURISDICTION

2. The action which forms the basis of the present proceeding occurred within the County of Cuyahoga and State of Ohio.

## PARTIES

3. Plaintiff Willis Tabron, III is an African American male and a citizen of the United

States of America.

4. Defendant Valentino is a member of the Cleveland Division of Police and, all times relevant, was functioning as a law enforcement officer employed by the Cleveland Division of Police. Defendant Valentino at all times relevant to this case acted under color of law. He is being sued individually and in his official capacity as an employee of the City of Cleveland.

5. Defendant Boldin is a member of the Ohio Investigative Unit, and a sworn peace officer vested with the responsibility of enforcing Ohio law relative to alcohol, tobacco and food stamp fraud laws. At all times relevant, Boldin was functioning as a law enforcement officer employed by the State of Ohio. Defendant Boldin at all times relevant to this case acted under color of law. He is being sued individually and in his official capacity as an employee of the City of Cleveland.

6. Defendant John Doe is a member of the Cleveland Division of Police and, at all times relevant, was functioning as a law enforcement officer employed by the Cleveland Division of Police. Defendant John Doe is a person and at all times relevant to this case acted under color of law. Defendant John Doe is being sued under the fictitious name of John Doe since his actual name is unknown. However, Plaintiff reserves the right to amend this complaint when John Doe's actual identity becomes known. Defendant, John Doe is being sued individually and in his official capacity as an employee of the City of Cleveland.

7. Defendant City of Cleveland is a unit of local government organized under the laws of the State of Ohio. Defendant City of Cleveland is and at all times relevant to this case acted under color of law.

8. Plaintiff Tabron Willis, III is an American citizen and resides at 515 Euclid Avenue, Cleveland, Ohio and always conducted himself in a law-abiding manner.

9. On or about July 2019, Defendant Valentino under his authority as a law enforcement officer and on behalf of the Cleveland Division of Police and Defendant Robert Boldin under his authority as a member of the Ohio Investigative Unit commenced an undercover investigation of Plaintiff's business, known as Paradis Gentlemen's Club, located at 620 Frankfort Avenue, Cleveland, Ohio.

10. In furtherance of the investigation, the Defendants alleged that illegal activity was occurring on the premises including felonious assaults, large fights, liquor violations, exotic dancing, prostitution, drug violations, after hours consumption and other criminal activities.

11. The allegations made by Defendants Valentino and Boldin were substantially false and were issued by the Defendants to further their investigation of Plaintiff and his business

12. On August 9, 2019 Cleveland police officers conducted a search of Plaintiff's Paradis Gentlemen's Club under the guise of conducting a "liquor inspection."

13. The liquor inspection was actually a warrantless search of Plaintiff's premises conducted under the guise of being an inspection although no reasonable suspicion or probable cause existed for the search.

14. Based on this warrantless search, Defendants Valentino and Boldin secured a search warrant alleging that "probable cause" existed for a search of the Paradis Gentlemen's Club.

15. No probable cause actually existed for either the warrantless search or the search of Plaintiff's premises and the affidavit attached to the search warrant and statements supporting the search warrant and purporting to constitute probable cause application were false and deficient all of which was known to Defendants Valentino and Boldin.

16. In spite of the deficient and falsified search warrant, Defendants Valentino and Boldin proceeded with a search of the Paradis Gentlemen's Club and confiscated numerous items that they

alleged constituted contraband.

17. Although Plaintiff was not physically present during either the warrantless of warrant search, he was summoned to the premises and, upon his arrival, was accused of maintaining a public nuisance.

18. During the search of the Paradis Gentlemen's Club, in addition to the alleged contraband, Defendants confiscated various items of personal property, including cash, and weapons that were lawfully on the Paradis Gentlemen's Club premises for self-defense.

19. Following the "inspection" and subsequent searches of the Paradis Gentlemen's Club premises, Defendants presented evidence to the Cuyahoga County Prosecutor seeking injunctive relief in the form closing the business as a nuisance pursuant to R.C. 3767.01, *et seq*.

20. As a result of false and misleading statements issued by the Defendants, the Cuyahoga County Prosecutor filed a Verified Petition for Injunctive Relief seeking a declaration that Plaintiff had maintained a nuisance at 620 Frankfort Avenue, Cleveland, Ohio n violation of R.C. 3767.01 and, for relief, that all individuals, personal property and contents be removed, that all personal property be sold, that the premises be padlocked, boarded and physically closed against its use for any purpose for a period of one year.

21. On November 21, 2019, Defendants obtained a temporary restraining order, temporarily closing the Paradis Gentlemen's Club.

22. Following protracted discussion between the Plaintiff's counsel, the Court and the Cuyahoga County Prosecutor, on December 27, 2019 prior to holding a preliminary injunction hearing the parties met to discuss resolution of all outstanding issues and the parties agreed to vacate the temporary restraining order and the verified complaint be dismissed and, in accordance therewith, the case was settled and dismissed with prejudice.

23. In addition to the verified complaint for injunctive relief, Defendants presented evidence to the Cuyahoga County Prosecutor and pursued an indictment against the Plaintiff for the crimes of Permitting Drug Abuse, pursuant to R.C. 2925.13(B), Permitting Drug Abuse pursuant to R.C. 2925.13(B), Possession Firearm in Liquor permit Premises, pursuant to R.C. 2923.121(A) and Unlawful Receipt of Proceeds Subject to Forfeiture, pursuant to R.C. 2927.21 (B).

24. On October 6, 2021 on recommendation of the Cuyahoga County Prosecuting Attorney the case was dismissed, without prejudice.

25. No justification existed for Plaintiff's detention, arrest and indictment and the actions of Defendants Valentino and Bolden in conducting the initial detention, search, seizure, assault and prosecution were in violation of Plaintiff's Ohio, federal, statutory and constitutional rights.

26. In spite of the fact that the City of Cleveland and the State of Ohio have policies policy that are intended to and should have prevented the type of actions by Defendants Valentino and Boldin against falsification of documents, presenting false testimony, engaging in unlawful detentions, searches, seizures, to which Plaintiff was subjected by Defendants John Doe, Valentino and Boldin those polices were ignored and/or circumvented to permit Defendants Valentino and Boldin to violate Plaintiff's Ohio, federal, statutory and constitutional rights as aforesaid.

27. At all times relevant to this action, Defendants John Doe, Valentino and Boldin acted within the scope of their duties as Cleveland Police Officers and/or the Ohio Investigative Unit.

28. At no times relevant did Defendants John Doe, Valentino and Boldin have reasonable suspicion or probable cause to detain, search, seize, arrest, charge or participate in the indictment of Willis Tabron,

29. At all times relevant to this action, Defendants John Doe, Valentino and Boding acted unreasonably, negligently, recklessly, wantonly, willfully, knowingly, intentionally and with

deliberate indifference to the laws of the State of Ohio and the United States of America when they conducted a search of the Club Paradis Gentlemen's Club and presented false and misleading information to further Plaintiff's prosecution

30. Defendant City of Cleveland's policies, patterns, practices, customs and usages regarding the use of force against innocent persons was a proximate cause resulting in the detention, search, seizure, assault, battery, arrest, charge and indictment against Willis Tabron and proximately caused him to suffer permanent and irreparable injury.

31. Defendant City of Cleveland failed to adequately train and supervise Defendants Valentino or John Doe which was a motivating factor which resulted in the detention, search, seizure, assault, arrest, charge and indictment against Willis Tabron and proximately caused him to suffer permanent and irreparable injury.

32. As a result of the policy, practice and custom employed by the City of Cleveland in authorizing and approving illegal searches and seizures without providing proper training and supervision to police officers, the policy makers and those responsible for hiring, training and supervising law enforcement officials, including police officers in the City of Cleveland, the City of Cleveland acted negligently, reckless, intentionally, willfully, wantonly, knowingly and with deliberate indifference to the legitimate concerns of the citizens of Cleveland, including Plaintiff, Willis Tabron.

33. Defendant City of Cleveland has a policy, practice and custom of failing to adequately investigate and discipline police officers who engage in illegal behavior including detentions, searches, seizures, arrests charges, and indictments.

34. None of the Defendants involved in the submission of false and misleading reports or the search, seizure, arrest, charge or indictments against Willis Tabron were ever investigated or

disciplined for their actions.

35. This policy practice and custom of failing to properly investigate or discipline police officers who are involved in the use of unlawful detentions, searches, seizures, arrests and prosecution was a motivating factor that resulted in the treatment to which Willis Tabron was subjected by Defendants, Doe, Valentino and Boldin.

36. Defendant City of Cleveland has a policy, practice and custom of permitting the use of excessive force against African Americans including unlawful searches, seizures, arrests charges, and indictments.

37. This policy practice and custom of permitting the use of excessive force against African American was one of the motivating factor that resulted in the treatment to which Willis Tabron was subjected by Defendants Doe, Valentino and Boldin.

38. Non-African Americans in the City of Cleveland who are subject to the jurisdiction of the Cleveland Division of Police or the Ohio Investigative Unit are not subjected to the same practice and custom of using unreasonable searches and seizures, arrests and indictments as are African Americans

39. The policies, practices and customs as aforesaid have been the subject of federal and state civil rights investigations, previous lawsuits and been well-known with the Cleveland community for many years.

40. As a result of all of the foregoing, Willis Tabron has suffered permanent damages, including but not limited to loss of business opportunities, grief, depression, severe emotional distress, loss of liberty and attorney fees.

## FIRST CAUSE OF ACTION–ILLEGAL SEARCH AND SEIZURE

41. Defendants have, under color of law, deprived Willis Tabron of rights, privileges and

immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable searches and seizures without reasonable suspicion or probable cause.

## SECOND CAUSE OF ACTION–MALICIOUS PROSECUTION

42. Defendants have, under color of law, deprived Willis Tabron of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from malicious prosecution without reasonable suspicion or probable cause.

## THIRD CAUSE OF ACTION–LOSS OF BUSINESS OPPORTUNITIES

Defendants have, under color of law, deprived Willis Tabron of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from false and/or misleading statements by law enforcement officials and the right to operate his business free from unreasonable incursions by law enforcement officials and the State of Ohio.

## JURY DEMAND

PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court award:

a. Compensatory damages against all Defendants in an amount to be shown at trial.

b. Punitive damages against the individual Defendants John Doe, Valentino and Bolding in an amount to be shown at trial.

c. Costs incurred in this action.

d. Reasonable attorney fees..

e. Prejudgment interest.

d.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted

*Willis Tabron*
Willis Tabron
515 Euclid Avenue
Cleveland, Ohio 44114
(216) 571-1817–Business
wtabron216@gmail.com

## JURY DEMAND

A trial by jury is demanded for the appropriate number of jurors permitted by law.

*Willis Tabron*
Willis Tabron