IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIS TABRON, III,** | ) | CASE NO.:  1:22-CV-02036 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| **RALPH VALENTINO**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |

---

### ANSWER OF DEFENDANT CITY OF CLEVELAND TO COMPLAINT

---

Now comes Defendant City of Cleveland ("Defendant"), pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, and presents the following as its Answer to the Complaint ("Complaint") filed by Plaintiff Willis Tabron, III ("Plaintiff") on October 5, 2022, and removed to this Court on November 11, 2022 (*ECF 1-1, PageID # 7-17*):

1.      Most of the statements in Paragraph 1 generally call for legal conclusions to which no answer is required; however, Defendant admits that the Paradise Gentlemen's Club was located at 620 Frankfort Avenue, Cleveland, Ohio, that there was probable cause for a search and justification for a warrant, closing, boarding, and padlocking the Paradise Gentlemen's Club, and arrest of Plaintiff, but is without knowledge or information sufficient to form a belief as to whether Plaintiff resides at 515 Euclid Avenue, Cleveland, Ohio, and denies all of the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations of Paragraph 2 of the Complaint.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 3 of the Complaint.

4.      Defendant admits that Defendant Valentino is a member of the Cleveland Division of Police, but the remaining statements in Paragraph 4 of the Complaint generally call for legal conclusions to which no answer is required. Specifically this Court must determine whether any named defendants were acting under color of law. Defendant denies each and every allegation of the Complaint not specifically admitted herein.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraphs 5-6 of the Complaint.

6.      Defendant admits that it is a unit of local government organized under the laws of the State of Ohio, but the remaining statements in Paragraph 7 of the Complaint generally call for legal conclusions to which no answer is required. Specifically this Court must determine whether any named defendants were acting under color of law. Defendant denies each and every allegation of the Complaint not specifically admitted herein.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth as to whether Plaintiff is an American citizen, and where he currently resides, and denies the remaining allegations in Paragraphs 8 of the Complaint.

8.      Defendant admits that Defendant Valentino, under his authority as a law enforcement officer investigated the Paradise Gentlemen's Club in July 2019, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 9 of the Complaint.

9.      Defendant admits there was illegal activity occurring on the premises known as the Paradise Gentlemen's Club and a search warrant was secured for a search of the Paradise Gentlemen's Club, but denies the remaining allegations of Paragraphs 10-15 of the Complaint.

10.     Defendant admits that Defendant Valentino presented evidence to the Cuyahoga County Prosecutor, but denies the remaining allegations of Paragraphs 16-21 of the Complaint.

11.     Defendant admits that Defendant Valentino presented evidence to the Cuyahoga County Prosecutor, but is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22-24 of the Complaint.

12.     Defendant admits that Defendant Valentino, under his authority as a law enforcement officer investigated the Paradise Gentlemen's Club, but denies the remaining allegations of Paragraphs 25-40 of the Complaint.

13.     Defendant denies the allegations contained in Paragraphs 41-42 of the Complaint.

14.     Defendant denies that Plaintiff is entitled to the relief requested against it as alleged in the Complaint.

## **AFFIRMATIVE DEFENSES**

15.     Plaintiff fails to state a claim upon which relief may be granted.

16.     Plaintiff's claims for any damages or injuries were directly and proximately caused or contributed to by the intervening and/or superseding and/or acts of persons other than the Defendant.

17.     Plaintiff has failed to join necessary and indispensable parties to this litigation.

18.     Plaintiff's claims are barred by the applicable statute of limitations.

19.     Plaintiff failed to exhaust his administrative remedies for his state law claims.

20.     Plaintiff's claims are barred by the doctrines of implied or express assumption of the risk.

21.     A specific percentage to be determined at trial or hearing by the trier of fact of the tortious conduct alleged that proximately caused the injury or loss to person or property is attributable to one or more persons from whom Plaintiff did not seek recovery in this action. Defendant may seek apportionment of fault to other parties, including those not named in Plaintiff's complaint, pursuant to *R.C. 2307.22*, *R.C. 2307.23*, and under common law.

22.     Plaintiff's claims and damages may be limited or barred, in whole or in part, by the statutory and common law defenses of set-off, collateral source, contribution, and indemnity.

23.     Other persons' respective comparative and/or contributory negligence bars or limits the recovery of damage and other requested relief.

24.     Plaintiff's claims are barred under common law or statutory immunity in effect at the time of the alleged actions, or under the Ohio Revised Code, including but not limited to *R.C. 2744.01, et seq.*

25.     Plaintiff's state law claims are barred because of privilege, and his lack of privilege for his own actions.

26.     Plaintiff's claims are barred under absolute or qualified immunity, and applicable privileges under federal or common law.

27.     Plaintiff's claims for punitive damages against Defendant are barred by common law or *R.C. 2744.05*.

28.     Any damages or injuries that Plaintiff may allege to be entitled, are subject to caps, limitations, and setoffs as more fully set forth in *R.C. 2744.05*.

29.     Any noneconomic losses Plaintiff may allege to be entitled are subject to statutory caps pursuant to *R.C. 2315.18*.

30.     Plaintiff's claims are barred because all individually named Defendants acted with probable cause.

31.     No policy or custom of Defendant was the moving force behind any violation of Plaintiff's constitutional rights, so as to impose *Monell* liability under any avenue of recovery, pursuant to *Monell v. Dep't of Soc. Servcs. of City of N.Y.*, 436 U.S. 658 (1978).

32.     Plaintiff may lack standing to pursue the claims brought in the Complaint.

33.     Plaintiff's claims are barred by the doctrines of *res judicata*, and the related doctrines of collateral estoppel, issue preclusion, and the law of the case.

34.      Defendant reserves the right to amend its answer and affirmative defenses to address any facts, claims, and/or additional theories of recovery or claims that may become apparent through discovery, pleadings, and motions.

WHEREFORE, Defendant asks that the Complaint be dismissed against Defendant City of Cleveland, with prejudice at Plaintiff's costs, and that it be granted such other and further relief concerning the Amended Complaint to which it may be entitled.

Respectfully submitted,

MARK D. GRIFFIN (0064141)
Director of Law

By:     */s/ J.R. Russell*
        James R. Russell, Jr. (0075499)
        Affan Ali (0085698)
        Assistant Directors of Law
        City of Cleveland, Department of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio 44114-1077
        Tel: (216) 664-2800
        Fax: (216) 664-2663
        Email: jrussell2@clevelandohio.gov
        *Attorney for City of Cleveland*

## **JURY DEMAND**

Defendant hereby demands a trial by jury of all of the issues so triable herein, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

*/s/ J.R. Russell*
James R. Russell, Jr. (0075499)

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically on the 23rd day of November, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *J.R. Russell*
James R. Russell, Jr. (0075499)
*Attorney for City of Cleveland*